**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LANDMARK AMERICAN INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 16-00032-KD-N** |
| | ) | |
| **WHITE-SPUNNER CONSTRUCTION, INC., MICHAEL SCOT RIBOLLA d/b/a AMERICAN SPORTS SCAPES, and MICHAEL SCOT RIBOLLA, Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on the motion for default judgment filed by Plaintiff

Landmark American Insurance Company and the affidavit in support (doc. 35).   Upon

consideration and for the reasons set forth herein, the motion is GRANTED.[1]

I. Findings of fact

Landmark issued a commercial lines insurance policy to Defendant Michael Scot Ribolla

individually and d/b/a American Sports Scapes (hereinafter the Ribolla defendants) for the policy

period of June 8, 2012 through June 8, 2013 (doc. 5-1).  The policy shows the "named insured"

as "American Sports Scapes, Scot Ribolla" with a mailing address of "P.O.B. 816, Lillian,

Alabama, 36549" (doc. 5-1, p. 2).

Earlier, on May 30, 2012, White-Spunner Construction, Inc., contracted with the Ribolla

---

[1] The Federal Rules of Civil Procedure provide that the district court may conduct a hearing to enter a judgment if it needs to "conduct an accounting", "determine the amount of damages", "establish the truth of any allegation by evidence" or "investigate any other matter."

defendants to install an irrigation system at the Alabama Veterans Memorial Cemetery in Spanish Fort, Alabama (doc. 5-2).   The choice of law and venue provision deemed the subcontract to have been entered into in Mobile County, Alabama (doc. 5-2, p. 15).  The provision also stated that the subcontract would be interpreted in accordance with the laws of the State of Alabama and that the "forum for any litigation between the parties shall be the Circuit Court of Mobile County, Alabama" (doc. 5-2, p. 15).  The subcontract also contained an indemnity provision as to which the parties agreed "that Alabama law would control the validity and interpretation of this defense and indemnity provision" (doc. 5-1, p. 12).  The subcontract shows the mailing address for the Ribolla defendants as "PO Box 816, Lillian, Alabama, 36549" and "300 Calhoun Ave., Pensacola, Fla. 32502" (doc. 5-2, p. 2).

By letter of July 3, 2014, White-Spunner notified the Ribolla defendants that they had performed defective work because the irrigation piping was not installed in accordance with the contract specifications. White-Spunner asked the Ribolla defendants to respond immediately. White-Spunner also stated that it had notified the Ribolla defendants' insurance agent, Calvert Insurance, Inc., and their insurance company, Landmark (doc. 5-3). That same day, as stated in the letter to the Ribolla defendants, White-Spunner notified Landmark by letter and made a claim under the policy as an additional insured (doc. 5-4).

On July 16, 2014, Landmark issued a reservation of rights letter to the Ribolla defendants and assigned an adjuster to evaluate the alleged damage (doc. 5-5).  Landmark requested certain information and documentation, but the Ribolla defendants did not respond or provide the documentation (doc. 5, p. 3).

On February 26, 2015, counsel for White-Spunner wrote to Landmark and advised that it had incurred damages of approximately $758,778.68 and that if that amount was not paid, it

would file suit on March 10, 2015 (doc. 5, p. 3).  As stated, White-Spunner filed suit in the

Circuit Court of Mobile County, Alabama on March 10, 2015 (the state court action) (doc. 5-6).

According to the Circuit Court docket, the Ribolla defendants were served with the complaint on

March 15, 2015 (doc. 5-7). Neither the Ribolla defendants nor White-Spunner notified Landmark

that the suit had been filed (doc. 5, p. 3).

On May 12, 2015, White-Spunner obtained a default judgment against the Ribolla

defendants in the amount of $758,778.68, plus costs in the state court action (doc. 5-8).  On

October 20, 2015, White-Spunner sent a copy of the judgment to Landmark and demanded

payment (doc. 5-9).  This was Landmark's first notice that a lawsuit had been filed (doc. 5, p. 4).

The terms and conditions of the policy place specific duties upon the Ribolla defendants

to notify Landmark "as soon as practicable" in the event of an occurrence or an offense and to

notify Landmark in writing, as soon as practicable, in the event of claim or suit (doc. 5-1, Policy

§ IV, 2).  The policy also requires the Ribolla defendants to "immediately send … copies of any

demand, notices, summonses, or legal papers received in connection with the claim or suit", to

authorize Landmark to obtain records and other information, and to cooperate with the

investigation or settlement of the claim or lawsuit. (Id.)  As of the filing of the complaint for

declaratory judgment in this court, the Ribolla defendants had not notified Landmark as to

White-Spunner's claim or the state court action (doc. 5. p. 3).

II. Jurisdiction

Landmark alleges that this Court has subject matter jurisdiction based on diversity of

citizenship, 28 U.S.C. § 1332. In the amended complaint, Landmark alleges that it is a citizen of

Oklahoma, that White-Spunner is a citizen of Alabama, the Ribolla defendants are citizens of

Florida, and the amount in controversy exceeds $75,000.00 (doc. 5).  The amended complaint

was signed by counsel for Landmark and thus subject to Rule 11(b)(3) of the Federal Rules of Civil Procedure which provides that "[b]y presenting to the court a pleading . . .  an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support". The Ribolla defendants did not answer or otherwise respond to the amended complaint.  White-Spunner answered and admitted that it is a citizen of Alabama (doc. 13).  Therefore, the Court will accept these jurisdictional allegations as true.

The Court must also determine whether it has personal jurisdiction over the non-resident Ribolla defendants. "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 n. 15 (11th Cir. 2003); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").  "It is axiomatic that absent good service, the court has no in personam or personal jurisdiction over a defendant." *Nationwide Mutual Fire Ins. Co. v. Creation's Own Corp., S.C.*, 2011 WL 6752561, 2 (M.D. Fla. November 16, 2011) (citations omitted).

As to amenability to jurisdiction, a "federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits[.]" *Meier v. Sun International Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002). In that regard, Alabama's long-arm statute, in relevant part, provides as follows:

> (b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States [.]

Ala. R. Civ. P. Rule 4.2(b) (Effective August 1, 2004).

The Alabama Supreme Court has held that the "extent of an Alabama court's personal jurisdiction over a person or corporation is governed by Rule 4.2, Ala. R. Civ. P., Alabama's 'long-arm rule,' bounded by the limits of due process under the federal and state constitutions." *Ex parte DBI, Inc.*, 23 So.3d 635, 2009 WL 1164959, 7 (Ala. May 1, 2009) (citing *Sieber v. Campbell,* 810 So.2d 641, 644 (Ala.2001)); *Hiller Investments Inc. v. Insultech Group, Inc.*, 957 So.2d 1111, 1115 (Ala.2006) ("Rule 4.2, Ala. R. Civ. P., extends the personal jurisdiction of the Alabama courts to the limit of due process under the federal and state constitutions."). The Alabama Supreme Court further explained that it has "interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution." *Ex parte DBI, Inc.*, at *7 (quoting *Elliott v. Van Kleef*, 830 So.2d 726, 730 (Ala.2002)). The Alabama Supreme Court also stated that

> [t]he Due Process Clause of the Fourteenth Amendment permits a forum state to subject a non-resident defendant to its courts only when that defendant has sufficient 'minimum contacts' with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant's contacts is whether the contacts are such that the nonresident defendant ' "should reasonably anticipate being haled into court" ' in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980)."

*Ex parte DBI, Inc.,* at *8 (quoting *Elliot*, 830 So.2d at 730). Moreover, "being physically present in a state is not required in order for a state court to have personal jurisdiction over a defendant." *Ex parte DBI, Inc.*, at *19 (citing *Burger King*, 471 U.S. at 476).

The Alabama Supreme Court has also explained that "[d]epending on the quality and quantity of the contacts jurisdiction may be either general or specific." *Ex parte Barton*, 976 So.2d 438, 443 (Ala. 2007). "General jurisdiction applies where a defendant's activities in the forum state are substantial or continuous and systematic, regardless of whether those activities gave rise to the lawsuit [pending before the court].... A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." *Id.* (internal quotations and citations omitted) (bracketed text added).

Landmark has not alleged that the Ribolla defendants' activities in Alabama are substantial or continuous and systematic. Landmark has alleged facts that indicate the Ribolla defendants' "few contacts" with Alabama – entering into the insurance policy contract with Landmark, entering into the sub-contract with White-Spunner, and performing work at Spanish Fort, Alabama – gave rise to this civil action. Also, at the time of issuance of the policy and entering into the subcontract, the Ribolla defendants maintained a post office box in Lillian, Alabama. Therefore, the Ribolla defendants' contacts are sufficient to establish specific jurisdiction.

However, in *Barton,* the Alabama Supreme Court further explained that "regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of an action of the defendant [that was] purposefully directed toward the forum State." 976 So. 2d at 443 (citations omitted). "This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of the unilateral activity of another person or a third person." *Id.* (internal quotations and citation omitted).

In that regard, Landmark alleges that it entered into an insurance policy contract with the Ribolla defendants. The policy shows the Ribolla defendants' mailing address as "P.O.B. 816,

Lillian, Alabama, 36549" (doc. 5-1, p. 2).  Landmark alleges that the Ribolla defendants entered

into a subcontract with White-Spunner, whose place of business is in Mobile County, Alabama,

to perform work in Spanish Fort, Alabama.  The subcontract contains choice of law provisions

whereby the parties agreed that the laws of the State of Alabama would apply (doc. 5-2, p. 12,

15).  The parties also agreed that the subcontract was deemed to have been entered into in

Mobile County, Alabama and that the "forum for any litigation between the parties shall be the

Circuit Court of Mobile County, Alabama" (doc. 5-2, p. 15). The subcontract shows the Ribolla

defendants' mailing address as "PO Box 816, Lillian, Alabama, 36549" and "300 Calhoun Ave.,

Pensacola, Fla. 32502" (doc. 5-2, p. 2).  The Court finds that there is sufficient evidence that the

Ribolla defendants' actions were purposefully directed toward the forum state, Alabama.

As to service of process, Landmark filed an amended affidavit wherein it stated that

Ribolla d/b/a American Sports Scapes and Ribolla individually had been served on April 7, 2016

(docs. 28, 26-2).  Also, the Proofs of Service executed by the private process server indicated

that the Ribolla defendants were served on April 7, 2016 (docs. 23, 27).  The Clerk entered

default on May 20, 2016 (doc. 29).  The Court finds that service of process of the amended

complaint was sufficient.

The Court, having determined that the Ribolla defendants' contacts with Alabama were

sufficient to establish specific jurisdiction and that there is sufficient evidence their actions were

purposefully directed toward the forum state of Alabama, now finds that the Ribolla defendants

are amenable to jurisdiction. The Court has also determined that service of process was

sufficient. Accordingly, the Court finds that it has personal jurisdiction over the Ribolla

defendants. *See, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553

F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court

lacks jurisdiction over the person of a defendant when that defendant has not been served.")
(citation omitted).

    III. <u>Statement of the law</u>

    The Federal Rules of Civil Procedure establish a two-part process for obtaining a default
judgment.  Fed. R. Civ. P. 55.  If "a party against whom a judgment for affirmative relief is
sought has failed to plead or otherwise defend, and that failure is shown by affidavit or
otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After default has been
entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the
clerk must enter default judgment. Fed.R.Civ.P. 55(b)(1).  In all other circumstances, such as
here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  Also, a
"default judgment must not differ in kind from, or exceed in amount, what is demanded in the
pleadings." Fed. R. Civ. P. 54(c).

    The Court of Appeals for the Eleventh Circuit has held that although "a default is not
treated as an absolute confession by the defendant of his liability and of the plaintiff's right to
recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.
Defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions
of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per
curiam) (citations and internal quotations omitted).  Moreover, "before entering a default
judgment for damages, the district court must ensure that the well-pleaded allegations of the
complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the
pleadings for the particular relief sought." *Id*. (emphasis omitted).  Therefore, the plaintiff must
establish a "prima facie liability case" against the defendant.  *Pitts ex rel. Pitts v. Seneca Sports,
Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).  Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

IV. <u>Analysis</u>

The Ribolla defendants were served with the amended complaint on April 7, 2016. White-Spunner's answer to the amended complaint was served on the Ribolla defendants by mail to an address in LaPlace, Louisiana[2] (doc. 21, p. 11).  The certificate of service on the request for entry of default and the motion for default judgment indicates that copies were mailed to the Ribolla defendants at the same address in LaPlace, Louisiana (doc. 26, p. 2, doc. 35, p. 2). Discovery notices were also mailed to the same address (docs. 30-32, 34).   The Clerk entered default on May 20, 2016 (doc. 29).  Therefore, the Ribolla defendants have had notice of the proceedings but to date, have not pleaded, answered, or otherwise responded to the amended complaint or the motions.

In the amended complaint, Landmark alleged substantially the same facts as those set forth in this Court's findings of fact.  Also, in the amended complaint, Landmark pleaded the conditions of the policy that obligated the Ribolla defendants to notify Landmark.  The policy states as follows:

SECTION IV – COMMERICIAL GENERAL LIABILITY CONDITIONS. . .

---

[2]  Apparently, Ribolla no longer lives in Florida.  The private process server indicated that he contacted Ribolla in LaPlace, Louisiana and they arranged to meet in Metairie, Louisiana. The Ribolla defendants were personally served in Metairie (doc. 23, p. 2).

2. Duties In the Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

> (1) How, when and where the "occurrence" or offense took place;

> (2) The names and addresses of any injured persons and witnesses; and

> (3) The nature and location of any injury or damage arising of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specifics of the claim or "suit" and the date received; and

> (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

> (2) Authorize us to obtain records and other information;

> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(Doc. 5, p. 4-5).

Landmark alleges that the Ribolla defendants have not complied with these material terms of the policy because they did not notify Landmark of White-Spunner's demand letter, or the complaint against them in the Circuit Court of Mobile County, or the default judgment that White-Spunner obtained in that action.  Based upon those facts and the terms of the policy regarding notice, Landmark sought the following declaratory relief:

> As a result of the facts as outlined above Landmark requests a declaration from this Honorable Court determining that Landmark has no duty to pay the default judgment on behalf of Ribolla or Ribolla d/b/a American Sports Scapes as they did not meet material conditions of the policy. Specifically, Ribolla and Ribolla d/b/a American Sports Scapes failed to provide timely notice of the lawsuit and because of this failure to comply with conditions of the policy, Landmark is prejudiced and accordingly, they are not entitled to coverage.

> Furthermore, Landmark seeks a declaration that notwithstanding the judgment, it owes no duty for the alleged damage and/or defective construction as Ribolla and Ribolla d/b/a American Sport Scapes failed to assist in the investigation of the claim and provide material requested by Landmark.

> Finally, Landmark seeks a declaration that it owes no duty to White-Spunner for payment of any judgment and/or damages as there is no coverage for the alleged damage under the Landmark policy.

(Doc. 5, p. 5, ¶¶ 21-23).

Under Alabama law, when an insurance company's notice requirement is a condition in an insurance policy, it is a condition precedent to coverage for the insured under the policy. *Pharr v. Continental Casualty Co.,* 429 So.2d 1018, 1019 (Ala.1983); *Martin v. Auto–Owners Ins.*, 57 Ala. App. 489, 329 So.2d 547, 550 (Ala.Civ.App. 1976).   Generally, the insured must

give notice "within a reasonable time under all the circumstances." *U.S. Fidelity & Guarantee Co. v. Baldwin County Home Builders Assoc., Inc*., 770 So.2d 72, 75 (Ala. 2000) (citations omitted).

Since the Ribolla defendants have been served and failed to answer or otherwise respond to the amended complaint, they are in default and deemed to have admitted the factual allegations.  Since the admitted factual allegations establish that the Ribolla defendants never gave notice to Landmark, the allegations in the amended complaint state a cause of action for declaratory relief.  Further, the admitted factual allegations state a sufficient and substantive basis for the declaratory relief sought. *See Tyco,* 218 Fed. Appx at 863; *Anheuser Busch, Inc.*, 317 F.3d at 1266.

Upon consideration of the pleadings, the Court is satisfied that the well-pleaded allegations of fact in the amended complaint state a cause of action for declaratory relief and that there is a substantive, sufficient basis in the pleadings for the relief sought.

However, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings" Fed. R. Civ. P. 54(c). Therefore, to the extent that Landmark may now seek declaratory relief that differs in kind from the demand for declaratory relief in the amended complaint, the Court may not award such relief.

V. <u>Conclusion</u>

Upon consideration of the foregoing, declaratory judgment by default is entered in favor of Landmark and against Ribolla individually and Ribolla d/b/a/ American Sport Scapes for failure to plead or otherwise defend, as follows:

> 1) Landmark has no duty to pay the state court default judgment on behalf of Ribolla or Ribolla d/b/a American Sports Scapes because they failed to provide timely notice of the lawsuit and because of this failure to comply with conditions of the policy, Landmark is prejudiced, and

they are not entitled to coverage.

2) Notwithstanding the state court judgment, Landmark owes no duty for the alleged damage and/or defective construction because Ribolla and Ribolla d/b/a American Sport Scapes failed to assist in the investigation of the claim and provide material requested by Landmark.


Final default judgment shall be entered by separate document as provided in Rule 58(a) of the Federal Rules of Civil Procedure.

The Clerk is directed to mail a copy of this order to the following:

Michael Scot Ribolla
d/b/a American Sports Scapes
1105 North Sugar Ridge Road
LaPlace, Louisiana 70068

Michael Scot Ribolla
1105 North Sugar Ridge Rd.
LaPlace, Louisiana 70068


**DONE** this the 26th day of September 2016.


 s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**